# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DEBBIE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV193 RWS |
| | ) | |
| CAVALRY SPV I, LLC, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendants' unopposed motion for summary judgment. Despite being granted an extension of time to do so, plaintiff failed to respond to summary judgment, and her time for doing so has expired. Because the uncontested facts demonstrate that defendants are entitled to judgment as a matter of law, the motion for summary judgment on plaintiff's federal claims will be granted. Plaintiff's state law claim will be dismissed without prejudice.

### Undisputed Background Facts

Debbie Anderson opened a Capital One credit card account, accrued a balance, and didn't pay it. Capital One then sold the delinquent account to defendant Cavalry. On December 11, 2014, defendant law firm Wright, Lerch & Litow (WLL) sent Anderson a letter on behalf of its client Calvary. This letter advised Anderson of the current owner of the debt (Calvary), the original creditor (Capital One), the amount of the debt past due, the procedure by which Anderson could dispute the debt and obtain verification of the debt, and notification that it was an attempt to collect the debt. When Anderson failed to respond, on January 15, 2015, WLL filed suit against Anderson on behalf of Calvary in associate circuit court in St. Louis County,

Missouri (Case Number 15SL-AC01885). That suit remains pending. Attached to the state court petition was a letter from WLL dated January 15, 2015, which advised Anderson that "even though you have been served, this matter can still be resolved amicably." Anderson was subsequently served with the state court petition (and the attached letter exhibit) on January 30, 2015. Anderson's attorney, however, apparently discovered the state court petition pending in the state court file before it was served and decided to file the instant lawsuit challenging defendants' collection efforts on January 28, 2015.

In her complaint, Anderson alleges that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by engaging in false, deceptive, harassing, and unfair conduct in the collection of a debt, taking action that it "could not legally take" by filing a collection action against Anderson, and by failing to provide a validation notice to Anderson. Although Anderson alleges in the complaint that she "does not owe the alleged debt," the uncontested facts demonstrate that she does, in fact, owe the debt to Calvary. Anderson alleges that Calvary did not attach any "documents to their pleadings to substantiate" their claim, and that the true purpose of filing the pending state court action was "not to prove the merits of their case, but to use the collection lawsuit to obtain a default judgment or as a tool to coerce payment from an unrepresented consumer." Although Anderson alleges that defendants did not "have any competent and admissible evidence substantiating [their] claims" when the state court action was filed, the uncontested facts demonstrate that at the time suit was filed, Calvary had in its possession Anderson's account statements from Capital One showing her credit and payment history, balance due, and her credit application for the account.

Discussion

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

The uncontested facts demonstrate that defendants did not violate the FDCPA in connection with their collection efforts against Anderson. Here, there is no dispute that Anderson owes the debt to Calvary and that before suit was filed, defendants complied with the FDCPA by providing Anderson with the required validation letter. Although Anderson argues that the January 15, 2015 letter attached to the state court petition did not comply with the FDCPA because it did not contain the information required of a debt validation notice under § 1692g(a),[1] the uncontested facts demonstrate that the December 11, 2014 letter – *no*t the January

---

[1] Section 1692g(a) of the FDCPA requires collectors send a "validation notice" to give debtors written notice of their rights as follows:

15, 2015 letter – was Anderson's debt validation notice. There is no dispute that the December 11, 2014 letter complies with the FDCPA. Because the January 15, 2015 letter exhibit to the state court petition was not a debt validation notice,[2] it did not need to comply with the requirements of § 1692g(a). See <u>Founie v. Midland Credit Management, Inc.</u>, 2014 WL 6607197, at *5 (E.D. Mo. Nov. 19, 2014) (summary judgment on FDCPA granted where debt collector sent required debt validation notice; debt collector not obligated to send second validation notice, and subsequent communications with debtor need not comply with § 1692g(a)).

Anderson also argues that the January 15, 2015 letter was "false" because the letter states "even though you have been served" and plaintiff had not been served. This argument is summarily rejected as nonsensical and borderline frivolous. The letter was attached to the petition as an exhibit and therefore *meant to be served (and in fact, was served) with the petition*

---

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

[2] This is also true because the requirements of § 1692g(a) are triggered by the "initial communication" with the debtor, but § 1692g(d) specifically exempts "a communication in the form of a formal pleading in a civil action" from the definition of "initial communication." 15 U.S.C. § 1692g(d). Thus, even if Anderson had not already received her "initial communication" from defendants in the form of her December 11, 2014 debt validation notice, the January 15, 2015 letter – which, as an exhibit to the petition, is a formal pleading – would not trigger any obligation to satisfy the requirements of § 1692g(a) as a matter of law.

*as part of the pleading*. That Anderson's attorney obtained a copy of the letter before service was achieved does not somehow render the letter "false, misleading, or deceptive" as required by the FDCPA. Moreover, Anderson has made no showing that this alleged misrepresentation was material in any respect. See Stroud v. AllianceOne Receivables Management, Inc, 2015 WL 4620482, at *2 (E.D. Mo. July 31, 2015); Campbell v. Credit Prot. Ass'n, L.P., 2013 WL 1282348, at *8 (E.D. Mo. Mar. 27, 2013). For these reasons, any FDCPA claims based on the January 15, 2015 letter fail as a matter of law.

Anderson also alleges that defendants "could not legally take" the action of filing a collection suit against her in state court because they did not attach documents supporting their claim to the petition. Here, Anderson's complaint refers to a Missouri statute, Mo. Rev. Stat. § 517.031, which applies in Missouri associate circuit court and provides that "a copy of any written instrument or account in support of the petition *should* be attached and filed." (emphasis added). Even if defendants were somehow obligated to attach supporting documentation to their petition, an alleged violation of Missouri law does not constitute a *per se* violation of the FDCPA. See Glick v. Cavalry SPV I, LLC, 2015 WL 4393911, at *6 (E.D. Mo. July 16, 2015) (debt collector's alleged failure to attach supporting documentation to state court petition in violation of Missouri law does not state a claim under FDCPA); Rollins v. Midland Funding, LLC, 2015 WL 3506556, at *6 (E.D. Mo. June 3, 2015) (same); Anderson v. Gamache & Myers, P.C., 2007 WL 1577610, at *3 (E.D. Mo. May 31, 2007) (alleged violation of state law is not cognizable under FDCPA); Carlson v. First Revenue Assur., 359 F.3d 1015, 1018 (8th Cir. 2004) ("The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation.").

5

Anderson's FDCPA claim based on an alleged failure to comply with a Missouri statute regarding the filing of pleadings fails as a matter of law.

Finally, Anderson attacks defendants' underlying motive for filing the state court collection against her, alleging that their "true purpose" was not to prosecute the action but to coerce a settlement. According to Anderson, this amounts to "false, deceptive, harassing, and unfair conduct" in violation of § 1692d-f of the FDCPA. In connection with this allegation, Anderson alleges that defendants did not have supporting documentation at the time their state court petition was filed. However, Anderson's allegations are conclusively refuted by the uncontested facts in this case, which demonstrate that defendants had ample documentation -- including Anderson's account statements and credit application from Capital One -- demonstrating that Anderson owed the debt at the time the lawsuit was filed. Moreover, as the state court collection action remains pending, Anderson cannot demonstrate that defendants have no intention of prosecuting Calvary's collection action. In fact, the only evidence before this Court of a plaintiff filing a lawsuit with no intention to prosecute it is found in *this* case, as Anderson could not even be bothered to respond to summary judgment despite being given a lengthy extension of time to do so. Defendants are entitled to judgment as a matter of law on Anderson's FDCPA claim based on defendants' filing of the state court collection action.

As the uncontested facts demonstrate that defendants are entitled to judgment as a matter of law on all of Anderson's federal claims, the Court has discretion to dismiss without prejudice the pending state law abuse of process claim. See Miner v. Local 373, 513 F.3d 854, 866 (8th Cir. 2008).

Accordingly,

6

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [16] is granted in part, and defendants shall have summary judgment on Count I of plaintiff's complaint, and Count I of plaintiff's complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Count II of plaintiff's complaint is dismissed without prejudice.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                    RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2015.